UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:96-cr-0099-01 (TWP) |
| ) | |
| RALPH MICHAEL HAWKINS, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Tanya Walton Pratt, Judge, on October 31, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on October 27, 2011, and to submit to Judge Pratt proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

All proceedings were held on November 17, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Hawkins appeared in person and his appointed counsel, Mike Donahoe, the Indiana Federal Community Defender. The government appeared by Brad Blackington, Assistant United States Attorney. U. S. Parole and Probation appeared by Jay Hardy, U. S. Parole and Probation Officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Mike Donahoe, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Hawkins in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Hawkins and his counsel who informed the Court they had read and understood the specifications of violations charged herein and waived further reading thereof.

3. That Mr. Hawkins as advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Hawkins would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Hawkins had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Hawkins had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Pratt's designation entered on October 31, 2011.

7. Mr. Hawkins executed a written waiver of the preliminary examination, which was accepted by the Court.

8. Mr. Donahoe stated that Mr. Hawkins would stipulate that there a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

9. Mr. Hawkins, by counsel, stipulated that he committed the specified violations set forth as to violations numbered 1 through 4 in the Petition for Warrant or Summons for an Offender Under Supervision, but not as to violations 5 through 7. The government moved to dismiss specifications number 5, 6 and 7 contained in the Petition to revoke defendant's supervised release, and the Court dismissed the same.

Counsel for the parties further stipulated to the following:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |
| | In February 2011, the offender was questioned by a law enforcement officer from Tennessee and failed to notify the probation officer of this contact. On March 21, 2011, the probation officer was notified by local law enforcement a search warrant had been executed at the residence of the offender. Both of these incidents involved an investigation into possible fraud activities of the offender. He was not charged with any crime. |
| 2 | **"The defendant shall notify the probation officer ten days prior to any change in residence or employment."** |
| 3 | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of the month."** |
| | On March 21, 2011, the offender revealed to the probation officer he had began a job in January 2011 which he found on Craig's List. The probation officer inquired as to why the offender had failed to disclose the employment and he advised it was because the employment was so inconsistent it seemed insignificant. |

4            **"The defendant shall refrain from excessive use of alcohol."**

> On September 8, 2011, law enforcement advised they administered a Breathalyzer test to the offender following his arrest on August 25, 2011, for a Writ of Attachment. Law enforcement advised the offender's blood alcohol was .14, making him legally intoxicated."

The Court placed Mr. Hawkins under oath and directly inquired of him whether he admitted violations of the specifications of his supervised release set forth above. Mr. Hawkins stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties stipulated the following:

1) Mr. Hawkins has a relevant criminal history category of VI. *See,* U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Hawkins constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Hawkins is 21-27 months.

4) The parties agreed on the appropriate disposition of the case as follows:

The defendant be sentenced to a period of confinement of one year and one day to the custody of the Attorney General, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations and evidence submitted by the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release. The defendant's supervised release is therefore **REVOKED** and Ralph Michael Hawkins is sentenced to the custody of the Attorney General or his designee for a period of one year and one day. After service of his sentence, the defendant will not be subject to supervised release. It is recommended that the

defendant be designated to the Farm Camp at the Federal Correctional Institution in Terre Haute, Indiana. The defendant is allowed to surrender for service of his sentence upon designation. Until the time of his surrender to custody, defendant will remain under the same conditions of supervised release previously imposed.

The Magistrate Judge requests that Jay Hardy, U. S. Parole and Probation Officer, prepare for submission to the Honorable Tanya Walton Pratt, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Hawkins stipulated in open Court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Hawkins entered into the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Hawkins' supervised release and the sentence imposed of imprisonment of one year and one day in the custody of the Attorney General or his designee. Upon

release from incarceration, the defendant will not be subject to supervised release. It is recommended that the defendant be designated to the Farm Camp at the Federal Correctional Institution in Terre Haute, Indiana. Defendant is allowed to surrender for service of his sentence upon designation. Until the time of his surrender to custody, defendant will remain under the same conditions of supervised release previously imposed.

**IT IS SO RECOMMENDED** this 18th day of November, 2011.

Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Brad Blackington,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Mike Donahoe,
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service